**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEM GAJADHAR OLI, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 13-70671 <br><br> Agency No. A088-590-473 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Hem Gajadhar Oli, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence factual findings.   *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008).   We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Oli's untimely asylum application is excused by changed circumstances.   *See* 8 C.F.R. § 1208.4(a)(4); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam).   We reject Oli's contention that the agency's analysis of changed circumstances was insufficient.   Thus, we deny the petition as to Oli's asylum claim.

Substantial evidence supports the BIA's denial of Oli's CAT claim because he failed to show it is more likely than not that he would be tortured if returned to Nepal.   *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).   Thus, we deny the petition as to Oli's CAT claim.

With respect to withholding of removal, substantial evidence does not support the BIA's finding that the harm Oli suffered in Nepal did not rise to the level of persecution, *see Ndom v. Ashcroft*, 384 F.3d 743, 751 (9th Cir. 2004) (concluding the cumulative effect of harms the petitioner suffered rose to the level of persecution), nor does it support the BIA's rejection of Oli's claim of future persecution on the basis that his family remains in Nepal without harm, because they are not similarly situated, *see Zhao,* 540 F.3d at 1031 ("the well-being of others ... is

only relevant when those others are similarly situated to the petitioners").   Thus, we grant the petition as to Oli's withholding of removal claim and remand for further proceedings consistent with this disposition.   *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**